UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

January 15, 2025

MEMORANDUM TO COUNSEL RE:   Howe v. Wexford Health Sources, Inc., et al
Civil Action No. GLR-24-0653

Dear Counsel:

Pending before the Court is Plaintiff Stephen J. Howe's Motion for Leave to File Second Amended Complaint (ECF No. 50). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons that follow, the Court will grant the Motion.

**Background**

The Court previously outlined the facts of this case in its November 19, 2024 Memorandum Opinion and need not reproduce the full background here. (See Nov. 19, 2024 Mem. Op. ["Mem. Op."], ECF No. 47; Nov. 19, 2024 Order, ECF No. 48). To summarize, Howe alleges that while he was incarcerated at Eastern Correctional Institution in Westover, Maryland, both Wexford Health Sources, Inc. ("Wexford") and CHS TX, Inc. ("CHS") failed to diagnose and ultimately treat his multiple sclerosis ("MS"). (Mem. Op. at 1–2).

On May 30, 2024, Howe filed an Amended Complaint against Wexford and CHS. (ECF No. 30). The three-count Amended Complaint alleges violations of the Eighth Amendment to the United States Constitution under 42 U.S.C. § 1983 (Count I); a claim under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) (Count II); and violations of Articles 16 and 25 of the Maryland Declaration of Rights (Count III). (Am. Compl. ¶¶ 61–86, ECF No. 30). On July 17, 2024, Wexford filed a Motion to Dismiss. (ECF No. 34). On August 6, 2024, CHS filed a Motion to Dismiss. (ECF No 39). Howe opposed Wexford's Motion on July 31, 2024 (ECF No. 35), and opposed CHS' Motion on September 9, 2024, (ECF No. 43). Wexford filed a Reply on August 13, 2024. (ECF No. 40). CHS did not file a Reply.

On November 19, 2024, this Court issued a Memorandum Opinion dismissing Counts I and III of the Amended Complaint. (Mem. Op. at 1; Nov. 19, 2024 Order). CHS filed an Answer on November 26, 2024. (ECF No. 49). On December 16, 2024, Howe filed a Motion for Leave to File Second Amended Complaint. (ECF No. 50). Wexford filed an Opposition on December 18, 2024. (ECF No. 51). Howe filed a Reply on January 2, 2025. (ECF No. 52). [1]

---

[1] CHS consents to Howe's Motion for Leave to File Amended Complaint. (Mot. Leave File Second Am. Compl. ¶ 8, ECF No. 50).

**Standard of Review**

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires." Justice does not require granting leave to amend when the moving party has exhibited bad faith, or amendment would prejudice the nonmoving party or be futile. See Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001). Leave to amend would be futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). But the Court should only deny leave to amend on the ground of futility when the proposed amendment is clearly insufficient on its face. Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).

**Analysis**

Howe's proposed Second Amended Complaint seeks to add two new claims of negligence. (Proposed Am. Compl. at 13–15, ECF No. 50-4). Howe contends that these additional claims are necessary because he filed a Statement of Claim in the Healthcare Alternative Dispute Resolution Office of Maryland ("HCADRO") including these allegations as required by Maryland Code Annotated, Courts & Judicial Proceedings Article § 3-2A-02, and the HCADRO entered an Order of Transfer to this Court on June 10, 2024. (Id. at 2). The Court will grant Howe's Motion for the reasons stated below.

Wexford does not allege that Howe's proposed amendments are prejudicial or that he failed to properly file his claims with HCADRO. Wexford instead urges the Court to deny Howe's request for leave to amend because it alleges the proposed amendments are futile. (Opp'n Pl.'s Mot. Leave File Second Am. Compl. ["Opp'n"] at 5, ECF No. 51). Specifically, Wexford asserts that Count IV of Howe's proposed Second Amended Complaint is barred by the applicable statute of limitations which provides that a medical negligence lawsuit should be filed "within the earlier of: (1) Five years of the time the injury was committed; or (2) Three years of the date the injury was discovered." (Id.) (citing Md. Code Ann., Cts. & Jud. Proc. § 5-109(a)). Wexford contends that Howe has surpassed the five year "drop-dead deadline" to assert a medical negligence claim under Maryland law because "Wexford's contract with the State of Maryland to provide inmate health services expired at the conclusion of December 31, 2018" and as a result, "[t]he last possible date Howe could have filed a medical negligence claim against Wexford was December 31, 2023." (Id. at 5–6).

Howe counters that his claims are not barred by the statute of limitations because of the statutory fraud-discovery exception: he did not discover his own injury because CHS and Wexford ignored his complaints and avoided diagnostic testing. (Pl.'s Reply Supp. Mot. Leave File Second Am. Compl. ["Reply"] at 2–3, ECF No. 52). Specifically, he contends "by way of the practice of ignoring inmates' health concerns and avoiding diagnostic testing for inmates with serious medical issues, Wexford and YesCare prevented the Plaintiff from learning of his own medical condition, and thus the fact that an injury had taken place." (Id. at 3).

The failure to meet the statute of limitations is an affirmative defense. Goodman v. Praxair, 494 F.3d 458, 464 (4th Cir. 2007). Because the Court, in essence, tests the sufficiency of the proposed amendment when considering whether it is futile, the Court "cannot reach the merits of an affirmative defense" unless "the amended complaint sets forth on its face the facts necessary to conclude that plaintiff's claims are barred by the statute of limitations." Id. Here, the Court declines to reach the merits of the time-bar affirmative defense because it is not clear when Howe discovered his injury or precisely when the injury was committed. For example, Howe alleges that he did not receive an official MS diagnosis until March 2021. (Proposed Am. Compl. ¶ 40). March 2021 therefore could reasonably be the date he discovered his injury, notwithstanding Wexford's contract ending in 2018, if, as Howe alleges, Wexford and CHS engaged in a policy of avoiding diagnostic testing and ignoring complaints. (See Reply at 3). As such, the Court finds it premature to rule on this affirmative defense at this stage of the litigation.

Accordingly, Howe's Second Amended Complaint is not futile or prejudicial and leave to amend is warranted. The Court will grant Howe's Motion so that he can test his claims on the merits. See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (4th Cir. 2012) ("[F]ederal policy . . . favor[s] . . . resolving cases on the merits instead of disposing of them on technicalities.").

**Conclusion**

For the foregoing reasons, Howe's Motion for Leave to File Second Amended Complaint (ECF No. 50) is GRANTED. Wexford and CHS shall RESPOND to Howe's Second Amended Complaint as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

George L. Russell, III  
Chief United States District Judge